**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Pamela Paaso
Assistant U.S. Attorney
pamela.paaso@usdoj.gov
(541)465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 18, 2020

Reed Hoekstra
Chicago Dairy Corporation
27820 Irma Lee Circle, St. 200
Lake Forest, IL  60045

Re:    *United States v. Valley Crest Foods, Inc.*
         Pre-Indictment Plea offer

Dear Mr. Hoekstra:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive indictment, discovery, and substantive motions and to plead guilty to the Information to be filed in this case, which charges four misdemeanor counts of negligently introducing a pollutant into a publicly owned treatment works in violation of 33 U.S.C. § 1319(c).

3.    **Penalties**: The maximum sentence for each count is not more than one year of imprisonment, a fine of $25,000 per day of violation (and not less than $2,500 per day), and one year of supervised release.  Defendant must also pay a mandatory fee assessment of $25 upon conviction.  Defendant agrees to pay the applicable fee assessment by the time of entry of the guilty plea.

4.    **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements of the Offense and Relevant Conduct**: Defendant understands that the elements of the offense charged in the Information are as follows:

   1. The defendant is a person who
   2  Negligently;

Reed Hoekstra
Page 2
May 18, 2020

---

    3. Owned or operated a source
       A. In violation of a federal pretreatment standard; or
       B. From which he introduced any pollutant or hazardous substance which such person knew or reasonably should have known could cause personal injury or property damage; or
       C. From which he introduced any pollutant or hazardous substance which caused a treatment works to violate any effluent limitation or condition in any permit.

Defendant expressly admits that the government could prove each of these elements beyond a reasonable doubt by introducing undisputed evidence of the following facts:

- On December 5, 2017, having been warned and having met with the City of Myrtle Point about its discharges, the Valley Crest Foods, Inc. facility located in Myrtle Point, Oregon (Valley Crest) discharged a slug of milk to a publicly owned treatment works (POTW), causing the facility to violate the *E. coli* limit of its permit. Valley Crest made no attempt to prevent the slug from being discharged to the POTW and failed to warn or notify the POTW of this discharge, as specifically directed by the POTW in previous communications;
- On January 21, 2018, having been warned against discharging high and low pH substances to the POTW, Valley Crest discharged a substance having a pH between 12.69 and 13.2 (otherwise considered a hazardous waste pursuant to 40 C.F.R. § 261.22). Due to the prior warnings from the POTW, Valley Crest knew or should have known that such discharge could cause – and did cause – property damage to the POTW. The high pH substance discharged from Valley Crest killed approximately 90% of the organisms in one of the basins at the POTW required to treat the waste.;
- On March 16, 2018, having been repeatedly warned against discharging high and low pH substances to the POTW, Valley Crest again discharged a substance having a pH between 12.5 and 12.7 (otherwise considered a hazardous waste) without notifying Valley Crest prior to discharge, as the POTW had requested. Due to the repeated warnings from the POTW and previous damage to the organisms required to treat the waste, Valley Crest knew or should have known that such discharge could cause property damage to the POTW;
- On April 4, 2018, having been repeatedly warned against discharging high and low pH substances to the POTW, Valley Crest discharged a substance having a pH of 2.92, in violation of 40 C.F.R. § 403.5(b)(2), which prohibits the discharging of a substance having a pH of less than 5 to the POTW.

The parties agree that the foregoing conduct yields a specific offense level of **12** under the advisory United States Sentencing Guidelines. *See* U.S.S.G. § 2Q1.3(a) (base offense level of 6), (b)(1)(A) (6-level increase for repetitive discharge).

6.    <u>**Sentencing Factors**</u>: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

Reed Hoekstra
Page 3
May 18, 2020

---

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2Q1.3(a) is a Base Offense Level of 6, with a six level increase for repetitive discharge pursuant to § 2Q1.3(b)(1)(A).

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for the unlawful conduct in this case. If it does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1, or otherwise violates the material terms of this agreement.

9.      **Recommendation of $80,000 fine**: The USAO will recommend a sentence of a criminal fine in the amount of $20,000 per day of violation, to wit $80,000, due immediately and in full, so long as defendant continues to demonstrate its acceptance of responsibility as explained above.

10.     **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Reed Hoekstra
Page 4
May 18, 2020

_____

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Reed Hoekstra
Page 5
May 18, 2020

---

16.     **Deadline**: This plea offer expires if not accepted **by noon on June 30, 2020**. As previously discussed, if your company does not accept this plea agreement by this deadline, the USAO anticipates seeking additional or more severe charges that the USAO has foregone in anticipation of this agreement.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

*s/Pamela Paaso*
PAMELA PAASO
Assistant United States Attorney

Defendant Valley Crest Foods, Inc., through its responsible agents and representatives, has carefully reviewed every part of this agreement with its attorney. Valley Crest Foods understands and voluntarily agrees to the terms of this agreement. The corporation expressly waives its rights to appeal as outlined in this agreement. The corporation pleads guilty because, in fact, it is guilty.

_5/19/20_
Date

_Reed Hoekstra_
Reed Hoekstra
For Valley Crest Foods, Inc., Defendant